**Charles L. and Rose E. DIXON,**
**a corporation, Respondent,**

v.

**Mary DAVIS, Appellant.**

**No. 58484.**

Supreme Court of Missouri,
Division No. 2.

March 10, 1975.

Rehearing Denied April 24, 1975.

Harold L. Holliday, Kansas City, for respondent.

James L. Muller, Dennis D. Palmer, The Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for appellant.

STOCKARD, Commissioner.

This is an appeal from a judgment of the Circuit Court of Jackson County sustaining respondent's motion to dismiss appellant's appeal from the judgment of the magistrate court in a landlord-tenant action. The sole basis for the dismissal was that "the judgment entered * * * by the magistrate court was in a landlord-tenant proceeding authorized by Chapter 535 [all statutory references are to RSMo 1969, V.A.M.S.] [and] no bond was filed with appeal."

. The judgment of the magistrate court was that respondent "have possession of [the described property] and recover from the [appellant] Mary Davis the sum of $578.53, together with all costs herein." Notice of appeal to the circuit court was filed the same date, but no bond was or has been filed. Respondent filed a motion to dismiss the appeal, and in answer thereto timely presented the constitutional issues now presented on this appeal.

Section 535.040 provides that in a landlord-tenant action brought pursuant to that chapter, "upon the return of the summons executed, the magistrate shall proceed to hear the cause without a jury." If certain facts are found the court "shall render judgment that the landlord recover the possession of the premises so rented or leased, and also his debt for the amount of the rent then due, with all costs * * *." It is provided in § 535.110 that appeals shall be allowed from judgments of magistrates, in all cases prosecuted under this chapter, in the manner provided by law for appeals in other civil cases; "but no appeal shall be allowed the defendant [tenant] unless he give bond, with security sufficient to secure the payment of all damages, costs and rent then due and to accrue, and with condition to stay waste."

Section 512.180, which pertains to "appeals in other civil cases," provides that any person aggrieved by any judgment rendered by a magistrate court, except a judgment by consent, may, in person or by his agent, appeal therefrom, unless otherwise provided by law, to the circuit court of the same county where the judgment was rendered. In § 512.190 it is provided that a party or his agent may appeal from a judgment by a magistrate court by filing notice of appeal within ten days after the judgment is rendered "but no appeal shall stay execution unless and until the applicant, or some person for him, together with one or more solvent sureties, * * * enter into a recognizance before the magistrate to the adverse party, in a sum sufficient to secure the payment of such judgment and the costs, * * *." It thus appears that a person may appeal· to the cir-

cuit court from an adverse judgment entered pursuant to Chapter 512 without a bond and obtain a ruling on the merits of his appeal, although the failure to put up a bond does not stay execution of the judgment. But a tenant who receives a judgment against him in a magistrate court pursuant to Chapter 535 may not take an appeal and obtain a ruling on the merits of his appeal unless the bond required by § 535.110 be given. The filing of that bond is necessary for the circuit court to obtain jurisdiction of the appeal. Avalon Development Company, Inc. v. American Italian Construction & Development Company, Inc., 437 S.W.2d 702 (Mo.App.1969).

In this case possession of the premises has been surrendered by the tenant.

Appellant contends that the requirement of § 535.110 that a tenant file a prescribed appeal bond in order to vest appellate jurisdiction in the circuit court, before he may obtain a ruling on the merits of his appeal, is violative of due process of law and equal protection of the law provisions of federal and state constitutions. We agree.

In Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), the United States Supreme Court, in referring to the Fourteenth Amendment, recognized that it does not deny to states the power to treat different classes of persons in different ways, but that "The Equal Protection Clause . . . does . . . deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' "

In Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), it was held that "classifying tenants of real property differently from other tenants for purposes of possessory actions will offend the equal protection safeguard 'only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective,' . . . or if the objective itself is beyond the State's power to achieve . . . ." In appeals in ordinary cases the "sole and only purpose of an appeal bond is to stay the issuance of an execution until the cause can be passed upon and disposed of by the appellate court." State ex rel. Gnekow v. United States Fidelity & Guaranty Co., 150 S.W.2d 581 (Mo.App. 1941).

These principles are violated by § 535.-110, which makes the filing of an appeal bond jurisdictional. This requirement guarantees to the landlord that if he prevails on appeal he will be protected in the collection of accrued rents and rents to accrue during the pendency of the appeal; secures the payment of all damages and costs, and protects him against the commission of waste in the interim. There is justification for affording landlords these protections where the tenant elects to remain in possession. In a case such as this, however, where the tenant has surrendered possession of the premises, no future rents will accrue and no waste caused by the tenant can occur, and the landlord may proceed to enforce his judgment for money damages if he can find money or property of the tenant subject to execution. Whatever issues remain to be resolved on appeal (possession, rents, damages, costs, etc.) should be able to be litigated on their merits and the court should have jurisdiction to determine such issues, regardless of whether the appealing tenant has given an appeal bond, as in all other cases contemplated by § 512.190. Requiring such a bond, even though the tenant has surrendered possession of the premises, before the circuit court can acquire jurisdiction of an appeal on the merits creates an arbitrary classification of persons without any reasonably justifiable state interest, and violates the equal protection clauses of Article I, Section 1, Constitution of Missouri, V.A.M.S., and the Fourteenth Amendment

to the Constitution of the United States, and to this extent is unconstitutional.

The judgment is reversed and the cause remanded for further proceedings consistent with the views here expressed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.