MADDOX, Justice.
These consolidated appeals raise this question: Should an indigent person, in a civil action, be required to post a statutorily-required bond in order to appeal an adverse judgment from a lower court to the circuit court? We hold that the bond required to be posted by statute is necessary; therefore, we affirm the Circuit Judge’s refusal to mandamus the lower judge to order him to permit the appeal to be taken even though the appellant had not posted the bond. The appeal here is from the circuit court’s refusal of mandamus.
For a better understanding of the issue, we believe it would be helpful to set out some of the facts. Appellants here, Schweitzer and Walker, had borrowed money from Redstone Federal Credit Union and Public Finance Company respectively, and when they defaulted, their individual creditor sued each respectively in the General Sessions Court of Madison County to recover the unpaid balance due on the loan. Schweitzer and Walker were represented in these actions by the Legal Aid Society of Madison County. In their respective case, each answered the complaint and filed a counterclaim alleging violations by each creditor of the Federal Truth in Lending Act and Federal Reserve Regulation Z.
According to the petition for mandamus filed by each debtor in the circuit court, Judge Esco of the General Sessions Court, on April 9, 1975, ruled adversely to each of them on their affirmative defenses, and also denied them any relief on their coun *19 terclaims. Each debtor alleged in the mandamus petition in Circuit Court, as follows:
“On May 26, 1975, Petitioner, in view of said rulings, stipulated to the entry of a judgment, reserving all rights of appeal to this Court.”
Even though the Act creating the General Sessions Court provides a method of appeal (Section 14, Act No. 1178, Acts of Alabama, 1973, pp. 1988, 1992) it does not specifically refer to Title 13, Article 6, Code of Alabama, as the procedure required to “effect” an appeal. We believe that the Legislature intended that the general statutes governing appeals from inferior courts to circuit courts should apply. We so hold.
Having determined that the Legislature intended the general law governing appeals from inferior courts to apply, we now proceed to decide what is required under the general law to perfect an appeal. Title 13, Sections 478 and 479 provide:
“Bond for appeal or certiorari. — Unless otherwise provided, no cause can be carried from a justice’s court to the circuit or other court of like jurisdiction by appeal or certiorari, unless the party applying for such appeal or certiorari first executes bond, with sufficient sureties, payable to the adverse party, with condition to pay such judgment as may be rendered against him by the court to which the cause is sought to be removed; and no cause can be removed from a justice’s court after six months from the rendition of the judgment, by certiorari.”
The debtors say that “serious doubt exists as to the constitutionality of the double bond requirement of Title 13, Section 479 under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution,” citing Lindsey v. Normet, 405 U.S. 56, 77-79, 92 S.Ct. 862, 876-77, 31 L.Ed.2d 36 (1972); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Dixon v. Davis, 521 S.W.2d 442, 444-45 (Mo.1975); and Carter v. University of Washington, 85 Wash.2d 391, 536 P.2d 618, at 622-23 (Wash.1975).
Even though they express doubt as to the constitutionality of the bond requirement, the debtors do not ask this Court to delve into the constitutional issue; therefore, because the constitutional issue is not raised, we do not address it. They do argue, however, that:
“We remain convinced that all Alabama courts — qua courts — have the inherent power to waive all fee and bond requirements for indigents despite the absence of any express statutory authority.”
The argument has some appeal. This Court, for instance, by Alabama Appellate Rule 24(a), has provided a scheme for allowing appeals in forma pauperis. We are not convinced, however, that since a procedure is available for one class of appellant (from circuit court to an appellate court) that a similar procedure must be provided for appellants from an inferior court to the circuit court. We note that under the new Judicial Article Implementation legislation, the bond requirement was retained for appeals from district court to circuit courts in civil cases. See Act No. 1205, Acts of Alabama 1975, Section 4-111, p. 2399.
The debtors argue that since the creditor picked the forum, the bond requirement should be waived. We cannot agree. Under Act 1178, the debtors could have effected a transfer of their cases to circuit court by requesting initially a trial by jury. Having failed to transfer the cases, and having elected to file an answer and a counterclaim in the General Sessions Court, the debtors are now governed by the provisions of law for appeal from inferior courts to circuit courts.
The judgments of the circuit court, in each case, are due to be affirmed.
AFFIRMED.
HEFLIN, C. J., and SHORES and BEAT-TY, JJ., concur.
JONES, J., concurs specially.