CHAMPLIN PETROLEUM COMPANY,
Plaintiff-Respondent,

v.

Donald O. BRASHEARS, d/b/a Don
Brashears Oil Company,
Defendant-Appellant.

No. KCD 30223.

Missouri Court of Appeals,
Western District.

Dec. 31, 1979.

**546**

Ronald R. Holliger, Kansas City, for defendant-appellant.

Joseph J. Kelly, Jr., Jerome T. Wolf, Curtis E. Woods, Kansas City, for plaintiff-respondent.

Before WASSERSTROM, C. J., WELBORN, Special Judge, and HOUSER, Senior Judge.

WASSERSTROM, Chief Judge.

Defendant's appeal from a magistrate court judgment in an unlawful detainer action was dismissed in the circuit court for failure to file an appeal bond as required by Section 534.400, RSMo 1969.[1] He now appeals to this court from that action by the circuit court.

Defendant leased three separate gasoline service stations from plaintiff under contracts, each of which provided for termination by either party upon specified written notice. Plaintiff gave notice to defendant of termination of each of the leases and demanded that defendant deliver possession. When defendant refused to so deliver, plaintiff commenced the present suit in three counts, one of which covered each of the different service stations.

Defendant agreed in the magistrate court that judgment might be entered by consent against him on the first count of the petition, and judgment was so entered on that count on January 20, 1978. The case with respect to the other two counts was then submitted to the magistrate court on a stipulated set of facts and the magistrate found in favor of plaintiff on both those counts. Judgment was entered on January 26, 1978,

for possession of both premises, but with no assessment of damages. Plaintiff requested and obtained writs of execution on January 27, 1978, under which it has entered into possession.

On February 6, 1978, defendant filed in the magistrate court an appeal with bond, but the magistrate disapproved the bond on February 8, 1978. The transcript shows that defendant's appeal was then lodged in the circuit court without bond.

In the circuit court, plaintiff filed a motion to dismiss the appeal because of violation of Section 534.400. Thereafter, on April 11, 1978, defendant filed a motion to be permitted to file a new bond in the circuit court, but plaintiff filed a countermotion on April 27 to disapprove the new bond so offered. On May 2, 1978, the circuit judge entered an order as follows: "The Motion of the Plaintiff to Dismiss Defendant's Appeal from the Judgment of the Magistrate is sustained. Accordingly, Defendant's Motion to Approve Appeal Bond and Plaintiff's Motion to Disapprove Appeal Bond are moot and no orders are made with reference thereto."

Defendant's sole point on this appeal contends that Section 534.400 is unconstitutional as a violation of equal protection of the law. As a prerequisite to a consideration of that point, it must appear that defendant raised that constitutional issue in the trial court at the earliest available opportunity. *City of St. Louis v. Butler Co.,* 358 Mo. 1221, 219 S.W.2d 372 (banc 1949). The transcript on appeal filed by defendant does not so show. The only mention in that regard is a statement in the Notice of Appeal that defendant "attacked said statute, Section 534.400, as unconstitutional and a denial of equal protection under the law." Such a bald, unsupported statement interjected into the Notice of Appeal cannot be accepted as proof of the matter so asserted. See *Broyles v. Broyles,* 555 S.W.2d 696, 700[9] (Mo.App.1977).

1. That section was repealed by H.B. 1634 Sec. A, Laws 1978, effective January 2, 1979, but was in effect at all times pertinent to the present proceedings. The same subject matter is currently covered by Section 534.380, RSMo 1978.

■ However, under the authority of Rule 81.12(c), this court on its own initiative has reviewed the trial court file and finds that defendant did in fact raise the constitutional issue in timely fashion. His counsel filed suggestions in opposition to plaintiff's motion to dismiss the appeal from the Magistrate Court, and those suggestions argued the constitutional point at length. It is to be noted that plaintiff countered that argument equally elaborately by reply suggestions.

■ We observe that the trial court did not expressly rule on the constitutional issue. However, a ruling in favor of constitutionality of the statute is necessarily implicit in the court's order sustaining plaintiff's motion to dismiss the appeal. *State ex rel. State Highway Commission v. Wiggins,* 454 S.W.2d 899 (Mo.banc 1970).

Turning now to the constitutionality of Section 534.400, that section provides in relevant part as follows:

"No appeal shall be allowed in any case [of forcible or unlawful detainer] unless * * * sufficient recognizance be filed with the magistrate within ten days after the rendition of the judgment * * *."

Defendant acknowledges that this statutory provision has been held to be jurisdictional and the appeal a nullity if no bond or an insufficient bond be filed. *Pan American Realty Corp. v. Muroff,* 456 S.W.2d 647 (Mo.App.1970). He contends, however, that this requirement is unconstitutional as a violation of equal protection guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2, of the Missouri Constitution. In support of that contention, defendant cites *Dixon v. Davis,* 521 S.W.2d 442 (Mo.1975), which he says is "directly analogous to the case at bar."

*Dixon* was a rent and possession case brought under the provisions of Chapter 535. After an adverse judgment in the magistrate court, the defendant tenant filed an appeal but surrendered possession of the premises. The appeal was dismissed in the circuit court for failure to file an appeal bond as required by Section 535.110. The defendant tenant then further appealed to the Supreme Court on the ground that said statutory requirement was a denial of equal protection. The Supreme Court held that although a requirement for an appeal bond would be justified if the tenant had retained possession, that no longer remained true when the defendant tenant surrendered possession. Under the latter circumstances, *Dixon* holds the requirement for an appeal bond under Section 535.110 as a condition for appeal cannot be justified in contradistinction to the general right to appeal without bond granted under Sections 512.180 and 512.190.

Plaintiff seeks to distinguish *Dixon* on two general bases. In the first place it says that *Dixon* involved a different statute, built around different concepts from the one here in issue. Second, plaintiff contends that this case is factually different.

■ Before proceeding further with inquiry into the constitutional question framed by these opposing contentions, we must inquire into our jurisdiction to do so. Although both parties concur in the view that jurisdiction lies here, agreement of the parties cannot confer jurisdiction, and the court must examine that question sua sponte. *MFA Mutual Ins. Co. v. Berry,* 481 S.W.2d 513 (Mo.App.1972).

■ Article V, Section 3 of the Missouri Constitution, as it existed on the date of the Notice of Appeal herein, vested exclusive appellate jurisdiction in the Supreme Court in all cases "involving the construction of the Constitution of the United States or of this state."[2] That phraseology has given rise to a substantial body of case law distinguishing between constitutional "construction" (as to which the Supreme Court has jurisdiction) and constitutional "applica-

---

2. Effective January 2, 1979, that section was amended to grant the Supreme Court exclusive appellate jurisdiction in all cases "involving the validity . . . of a statute . . . of this state." That amendment is not applicable here, because the Notice of Appeal in this case was filed on May 12, 1978.

tion" (as to which the Court of Appeals has jurisdiction). No sharp line of demarcation was ever developed between these two concepts, and this has been a hazy area of the law. See, *The Allocation of Original Appellate Jurisdiction in Missouri,* Washington U.L.Q.1964, pp. 424, 443; Bubany, *Constitutional Question Appellate Jurisdiction of the Missouri Supreme Court: The Albatross Hangs Heavy Still,* 39 Mo.L.Rev. 299, 326 (1974).

However, the most recent decision by the Missouri Supreme Court on this subject lays down the rule governing the present situation. In *State v. Higgins,* 592 S.W.2d 151 (1979) the Supreme Court was presented a question as to the validity of the mandatory life sentence provision of Section 559.009, RSMo Supp.1975. Even though no previous opinion had ever been rendered as to the constitutionality of that particular statutory provision, the court nevertheless held that "resolution of this issue requires only *application* of settled constitutional principles rather than *construction* of the United States Constitution or the Constitution of Missouri." (Emphasis by the Supreme Court.)

We have concluded that this case likewise requires only the application of settled constitutional principles which were established in *Dixon* and the cases upon which that decision relies. The controlling constitutional principle so settled by the *Dixon* opinion is that a bond as a condition for appeal cannot be required in only one class of cases unless there is some reasonable basis upon which to justify treating that class of appeals differently from other classes. *Dixon* goes on to hold more specifically that there is justification for such difference of treatment of landlord-tenant cases only if the tenant remains in possession during the period of appeal. We find no merit in the various distinctions suggested by plaintiff as reasons for saying *Dixon* should not apply here.

So, the suggestion is without merit that the cases involve different statutes in that *Dixon* came up as a rent and possession case under Chapter 535, whereas this case comes up under the unlawful detainer statute, Chapter 534. A constitutional principle can be settled covering more than one statute, and *State v. Higgins, supra,* makes clear that a constitutional principle decided with respect to one statute may involve no more than a matter of "application" with respect to a new and different statute.

Nor is there merit in plaintiff's contention that rent and possession cases are distinctive in that the rent and possession statutes give the tenant a right to retain possession by tendering the amount of rent due. That feature of the rent and possession statute played no part in the *Dixon* decision and it was not relevant to the result reached. By like token that feature of the rent and possession procedure is not relevant in considering the application of the *Dixon* principle to the instant case.

Nor is there merit in plaintiff's argument that the bond requirement in unlawful detainer cases should be upheld in order to prevent frivolous appeals. Frivolous appeals unfortunately occur in all kinds of cases. Moreover, an alleged purpose to discourage frivolous appeals was held an inadequate reason to justify a discriminatory bond in *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972) which held: "The claim that the double-bond requirement operates to screen out frivolous appeals is unpersuasive, for it not only bars nonfrivolous appeals by those who are unable to post the bond but also allows meritless appeals by others who can afford the bond."

Nor is there any merit in plaintiff's attempt to distinguish this case from *Dixon* on the ground that the tenant in *Dixon* surrendered possession voluntarily, whereas the defendant in the present case was forced to surrender possession of two out of the three premises under court process. The fact remains that here, just as in *Dixon,* the plaintiff has obtained full possession of the premises in litigation. Here, as in *Dixon,* "no future rents will accrue and no waste caused by the tenant can occur . . . Whatever issues remain to be resolved on appeal (possession, rents, damages, costs,

etc.) should be able to be litigated on their merits and the court should have jurisdiction to determine such issues, regardless of whether the appealing tenant has given an appeal bond, as in all other cases contemplated by § 512.190. . . ."

Nor is there merit in plaintiff's argument that it will suffer an undue economic hardship because it will not feel free to invest money to improve the premises taken on execution until its legal right to possession has been fully settled by the termination of this litigation. Plaintiff did submit to the circuit court an affidavit tending to show that it is not economically feasible for it to upgrade the service stations in question to the standards required by it so long as its right of possession continues to be an issue. However, that is a question requiring a business judgment on the part of plaintiff which is similar in kind to questions which can arise in other kinds of litigation in which an unsuccessful defendant is permitted to appeal without bond. So, for example, a landowner may desire to improve his property with a million dollar structure, and his neighbors may file an injunction suit to prevent construction. Suppose that in such a case a trial court hears the evidence and rules for the landowner, but the plaintiff neighbors appeal without supersedeas. In such a situation the landowner would have precisely the same problem as plaintiff says it has; namely, whether to undertake an expansion in reliance upon the trial court's favorable decision, and thereby take a risk of losing the money so invested if the appellate court reverses. Just as the unsuccessful party in the suppositious injunction case would be entitled to appeal without supersedeas bond, so also here defendant should be permitted without discrimination to appeal without bond.

On the authority of *Dixon*, Section 534.400 is unconstitutional as a violation of equal protection. The order of the circuit court dismissing defendant's appeal from the magistrate court is reversed and this cause is remanded to the circuit court for further proceedings.

All concur.