550 F.Supp. 1035 (1982)
3615 CORPORATION, Plaintiff,
v.
NEW YORK LIFE INSURANCE COMPANY, Defendant and Third-Party Plaintiff,
v.
CITY OF ST. LOUIS, MISSOURI, Third-Party Defendant,
Con-Grand, Ltd., Intervenor.
No. 78-884C(5).
United States District Court, E.D. Missouri, E.D.
October 21, 1982.
Harry O. Moline, Clayton, Mo., for plaintiff.
Jerome M. Rubenstein, Joseph R. Niemann, William A. Richter, St. Louis, Mo., for New York Life.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court for a final judgment on the merits.
Plaintiff, 3615 Corporation (3615), commenced this action seeking specific performance of an agreement with New York Life Insurance Company to purchase the Continental building (the Continental) located in St. Louis, Missouri. 3615 also requested damages, but not alternatively to specific performance.
According to the purchase contract, New York Life agreed to sell the Continental to 3615 for thirty-five thousand dollars ($35,000.00). *1036 From that $35,000.00, $5,000.00 was required as an earnest money deposit which 3615 paid to New York Life. The contract also contains a risk of loss provision that reads as follows:
If, after contract is executed, the premises be destroyed or damaged by fire, windstorm or otherwise, seller shall restore same within thirty days if possible and sale closing date shall be extended accordingly, but otherwise purchaser shall have option of cancelling or enforcing contract; if enforced, purchaser shall be entitled to insurance; if cancelled, earnest deposit shall be returned to purchaser. In either event agent shall receive full sale commission. Seller shall assume risk of such destruction or damage and shall have the obligation to obtain consent of insurance companies to sale contract.
On December 16, 1981, the Court entered a partial judgment that denied the request of 3615 for specific performance. Upon the parties' request, the Court delayed ruling on the issue of damages. From the record before the bench, the Court concludes that 3615 is entitled to no damages in this action for the following reasons.
The risk of loss provision in the contract between 3615 and New York Life basically comports with Missouri law as recognized in Skelly Oil Company v. Ashmore, 365 S.W.2d 582 (Mo.1963). In Skelly Oil, the Missouri Supreme Court held that the risk of loss in a land sale contract rests on the vendor. The Missouri Court stated
... When the conveyance is to be made of the whole estate, including both land and buildings, for an entire price, and the value of the buildings constitutes a large part of the total value of the estate, and the terms of the agreement show that they constituted an important part of the subject matter of the contract * * * the contract is to be construed as subject to the implied condition that it no longer shall be binding if, before the time for the conveyance to be made, the buildings are destroyed by fire. The loss by the fire falls upon the vendor, the owner; and if he has not protected himself by insurance, he can have no reimbursement of this loss; but the contract is no longer binding upon either party. If the purchaser has advanced any part of the price, he can recover it back. [Citations omitted.] If the change in the value of the estate is not so great, or if it appears that the buildings did not constitute so material a part of the estate to be conveyed as to result in an annulling of the contract, specific performance may be decreed, with compensation for any breach of agreement, or relief may be given in damages.
If it was not made abundantly clear in the Court's memorandum opinion of December 16, 1981, the Court now clarifies that it finds that the damage to the Continental resulting from the flooding caused by the cracked water mains was so extensive that the repairs could not have been made within 30 days. Therefore, under the contract, 3615 could either have cancelled the agreement and retrieved its earnest money deposit[1] or accepted the building in its state of disrepair and gotten the insurance proceeds.
The amended complaint filed by 3615 requests (1) that the Court order New York Life to restore the Continental to its condition at the time of execution of the sales contract and then convey the building to 3615, or (2) that the Court order New York Life to convey the Continental in its damaged condition and award damages in the amount needed to repair the structure. 3615 seeks no other form of relief in the complaint. The damage relief sought in the complaint is clearly predicated on the court-ordered conveyance of the Continental to 3615. Inasmuch as the Court has previously denied the request for specific performance, and New York Life has returned the earnest money deposit paid by 3615, no other *1037 relief is appropriate in this action. Therefore, New York Life should have judgment in this matter.
NOTES
[1] The Court notes that New York Life returned the $5,000.00 earnest money deposit that 3615 initially paid.