## FIRST SAVINGS BANK, F.S.B., Respondent,

v.

## Nanci M. WHITLEY, Appellant.

### No. WD 39559.

Missouri Court of Appeals, Western District.

Dec. 8, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1988.

Application for Transfer Sustained March 15, 1988.

Case Retransferred June 14, 1988.

Court of Appeals Opinion Readopted June 20, 1988.

J.D. Williamson, Jr., and John B. Neher, Independence, for appellant.

S. Preston Williams and Thomas E. Barzee, Jr., North Kansas City, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is an action in unlawful detainer. Appeal lies from the entry of summary judgment. A motion to dismiss the appeal was ordered taken with the case. The appeal is dismissed.

In 1986, the parties entered into an agreement for the construction of a residence upon a lot owned by appellant in Platte County, Missouri. In May, 1986,

appellant executed a promissory note for $280,000.00 for a construction loan to the favor of respondent. The loan was secured by a deed of trust on the lot owned by appellant. As per the parties' agreement, the loan monies were made available to appellant by way of a loans-in-progress account established by respondent. Payment of construction costs through this account was left to the discretion of appellant.

On September 1, 1986, appellant transferred $20,000.00 from the loans-in-progress account by check to a personal account in respondent bank. Appellant then wrote a personal check upon her personal account with respondent bank and attempted to deposit the $20,000.00 in a personal account in another bank. Respondent dishonored appellant's check and set off the sum of $20,000.00 in her personal account with respondent. The loans-in-progress account was then credited with the $20,000.00 sum. The record reveals that appellant was never in arrears on the repayment of the construction loan.

On September 9, 1986, respondent bank notified appellant of her default on the construction loan. Appellant then received a notice of acceleration of the debt and a notice of foreclosure sale of appellant's property (lot). This action was predicated upon appellant's attempt to withdraw funds from the construction loan account in an unauthorized fashion, and her attempt to deposit the $20,000.00 in her personal account in another bank. The foreclosure sale was set for October 31, 1986.

On October 30, 1986, appellant filed an injunction action against the foreclosure on the basis she was not in default on the construction loan. The circuit court granted appellant a preliminary injunction and enjoined the foreclosure sale upon the condition appellant post a $50,000.00 bond prior to the sale day (October 31, 1986). Appellant did not post the bond and the foreclosure sale was concluded with respondent being the purchaser of appellant's property (lot).

Respondent then filed an unlawful detainer action to remove appellant from the property. Appellant filed her answer, which included an affirmative defense. Respondent filed a motion to strike appellant's affirmative defense and the circuit court sustained respondent's motion to strike. Respondent then filed a motion for summary judgment. Respondent's motion for summary judgment was granted and appellant's counter-motion for summary judgment was denied. Appellant then filed the present appeal.

While the matter was before this court on appeal, respondent filed a motion to dismiss the appeal for lack of jurisdiction upon appellant's failure to post an appeal bond. The Chief Judge of this court initially overruled respondent's motion, then reversed that ruling and ordered the motion taken with the case. Oral argument was received, and the matter now calls for disposition.

■ In summary, respondent's motion alleges that this court is without jurisdiction to entertain this appeal because appellant has failed to file the bond required by § 534.380, RSMo 1986. That statute reads as follows:

**534.380. Judgment stay for appeals and trial de novo.—**

Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512, RSMo, but no application for a trial de novo or appeal shall be allowed unless a bond which is sufficient to act as a supersedeas of the judgment is filed with the court within ten days after rendition of the judgment.

In summary, appellant responds by asserting that this court has jurisdiction to entertain this appeal because the foregoing statute has been declared unconstitutional and hence she was not required to file a bond.

The following is an analysis of what has occurred relative to this statute, along with the disposition of this matter.

Appellant contends that § 534.380 was held by this court to be unconstitutional in the case of *Champlin Petroleum Co. v. Brashears*, 592 S.W.2d 545 (Mo.App.1979).

Technically, appellant's contention is not entirely correct. The ruling in *Champlin* related to the predecessor statute § 534.400, RSMo 1969, which reads as follows:

**534.400. Time for appeal, notice, bond —transcript filed, when.**—No appeal shall be allowed in any case, unless notice thereof is filed by the appellant, his agent or attorney, as in other civil cases before magistrates, and sufficient recognizance is filed with the magistrate within ten days after the rendition of the judgment. A transcript of all entries and all papers and process in the case shall be filed by the magistrate in the office of the clerk of the court having appellate jurisdiction within ten days after the appeal is taken as in other civil cases.

Section 534.400 was repealed by the Missouri General Assembly and replaced with the current section, § 534.380, effective January 2, 1979. Comparison of the two statutory provisions clearly denotes they are, in substance, the same. Technically, it could be argued that *Champlin* did not address § 534.380 because said section was enacted subsequent to the ruling in *Champlin.* However, § 534.400 is clearly the predecessor statute to § 534.380, warranting application of *Champlin* to § 534.380.

As to whether *Champlin* can be held applicable to the present statute is of little matter in light of action by the Missouri Supreme Court previous to the *Champlin* ruling. This court, in *Champlin,* followed the ruling of the Missouri Supreme Court in *Dixon v. Davis,* 521 S.W.2d 442 (Mo. 1975). In *Dixon,* the Missouri Supreme Court was called upon to consider the constitutional validity of § 535.110, RSMo 1969. That statute, applicable to appeals from magistrate courts in a landlord/tenant action, had previously been construed as requiring a bond by a tenant before the circuit court secured jurisdiction of the appeal, even though the tenant had surrendered possession of the premises. *Avalon Development Company v. American Italian Construction and Development Company,* 437 S.W.2d 702, 704 (Mo.App.1969).

In *Dixon,* 521 S.W.2d at 444, the Missouri Supreme Court quoted from the case of *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), and stated that the 14th Amendment, while allowing the various states to treat different classes of persons in different ways, also denied to various states

the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of the statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."

The Missouri Supreme Court went on to quote from *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), which stated that

classifying tenants of real property differently from other tenants for purposes of possessory actions will offend the equal protection safeguard "only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective," ... or if the objective itself is beyond the State's power to achieve ...

The Missouri Supreme Court went on to note that the sole and only purpose of the appeal bond is to stay the issuance of execution until the cause be disposed of on appeal, citing to *State ex rel. Gnekow v. United States Fidelity & Guaranty Co.,* 150 S.W.2d 581 (Mo.App.1941).

The Missouri Supreme Court then held as follows:

These principles are violated by § 535.110, which makes the filing of an appeal bond jurisdictional. This requirement guarantees to the landlord that if he prevails on appeal he will be protected in the collection of accrued rents and rents to accrue during the pendency of the appeal; secures the payment of all damages and costs, and protects him against the commission of waste in the

interim. There is justification for affording landlords these protections where the tenant elects to remain in possession. In a case such as this, however, where the tenant has surrendered possession of the premises, no future rents will accrue and no waste caused by the tenant can occur, and the landlord may proceed to enforce his judgment for money damages if he can find money or property of the tenant subject to execution. Whatever issues remain to be resolved on appeal (possession, rents, damages, costs, etc.) should be able to be litigated on their merits and the court should have jurisdiction to determine such issues, regardless of whether the appealing tenant has given an appeal bond, as in all other cases contemplated by § 512.190. Requiring such a bond, even though the tenant has surrendered possession of the premises, before the circuit court can acquire jurisdiction of an appeal on the merits creates an arbitrary classification of persons without any reasonably justifiable state interest, and violates the equal protection clauses of Article I, Section 1, Constitution of Missouri, V.A.M.S., and the Fourteenth Amendment to the Constitution of the United States, and to this extent is unconstitutional.

*Dixon, supra,* at 521 S.W.2d at 444–445.

Thus, in *Dixon, supra,* the Missouri Supreme Court declared § 535.110 as unconstitutional by being violative of equal protection insofar as that statute required the posting of a bond by a tenant out of possession of the premises before the jurisdiction of the circuit court attached for purposes of appeal.

It is obvious that the ruling in *Dixon* was not intended to apply to tenants in possession of the premises at the time of appeal. This is apparent from the wording and reasoning of the opinion which states at 444, "There is justification for affording landlords these protections where the tenant elects to remain in possession."

In 1979, this court, in *Champlin, supra,* adopted the rationale of *Dixon, supra,* and applied that rationale to § 534.400, the predecessor statute to § 534.380. As noted in *Champlin,* this court had authority to pass upon the constitutional validity of former § 534.400, because of the following language at 548:

We have concluded that this case likewise requires only the application of settled constitutional principles which were established in *Dixon* and the cases upon which that decision relies. The controlling constitutional principle so settled by the *Dixon* opinion is that a bond as a condition for appeal cannot be required in only one class of cases unless there is some reasonable basis upon which to justify treating that class of appeals differently from other classes. *Dixon* goes on to hold more specifically that there is justification for such difference of treatment of landlord-tenant cases only if the tenant remains in possession during the period of appeal. We find no merit in the various distinctions suggested by plaintiff as reasons for saying *Dixon* should not apply here.

So, the suggestion is without merit that the cases involve different statutes in that *Dixon* came up as a rent and possession case under Chapter 535, whereas this case comes up under the unlawful detainer statute, Chapter 534. A constitutional principle can be settled covering more than one statute, and *State v. Higgins, supra* [592 S.W.2d 151 (Mo.1979)], makes clear that a constitutional principle decided with respect to one statute may involve no more than a matter of "application" with respect to a new and different statute.

■ Thus, to summarize at this point, it is declared that § 535.110, requiring a tenant out of possession to post a bond prior to invoking the jurisdiction of a reviewing court, is violative of the Equal Protection Clause of the United States Constitution. *Dixon, supra.* Further, since this principle has been settled by the ruling in *Dixon,* other courts are not prohibited upon passing upon the constitutional validity of other like statutes. *Champlin, supra.*

The question now presented is whether the foregoing constitutional ruling has any application to the present case. It is noted

that in both *Dixon* and *Champlin,* the appealing party was *out of possession of the premises* prior to any attempt to invoke the jurisdiction of the reviewing court. In the instant case, appellant *was in possession of the property not only for ten days following entry of judgment but until a time subsequent to her filing of the Notice of Appeal.*

Thus, the case herein presents a situation unlike that found in either *Dixon* or *Champlin.*

Appellant herein contends that the rule in *Dixon* and *Champlin* applies during the time or duration of the appeal. The record herein discloses that the judgment was entered against appellant on June 3, 1987. On June 22, 1987, nineteen days after judgment, appellant filed her *Notice of Appeal without bond.* On or about July 2, 1987, appellant vacated the premises. On July 9, 1987, respondent, in this court, filed a motion to dismiss for lack of jurisdiction upon appellant's failure to file a bond as required by § 534.380. As previously noted, said motion was ordered taken with the case.

If appellant's position is adopted, then a tenant in possession could remain so until such time as a reviewing court made final disposition of all issues, including possession. Such a position would render the requirements of § 534.380 as related to the filing of a bond a nullity. A tenant then would be in a position to remain in possession without payment for rent and to lay waste to the property. Such a position is not contemplated by the law.

Appellant further asserts herein that since she vacated the premises some twenty-nine (29) days after judgment, although subsequent to invoking the jurisdiction of this court by her notice of appeal, her action has satisfied the requirements of § 534.380 as construed by *Champlin, supra.* If appellant's additional assertion be adopted, then a tenant could remain in possession until the very day prior to disposition of the appeal with the attending factors of rent and waste as referred to above. Such a position is likewise not contemplated by the law.

When appellant filed her notice of appeal with this court, she sought to invoke the jurisdiction of this court. The issue therefore is whether § 534.380 required of appellant the posting of a bond "within ten days after rendition of the judgment" (i.e., June 13, 1987) as a prerequisite to this court's acquiring jurisdiction of the matter.

This court concludes that it is without jurisdiction of this cause. This court concludes that the rulings in *Dixon* and *Champlin,* while resting upon sound constitutional determination, did in fact announce a constitutional rule applicable only to appealing defendants who are *out of possession of the premises* at the time they seek to invoke the jurisdiction of the reviewing court. Conversely, this court holds that neither the ruling in *Dixon* or *Champlin* applies to those cases where appealing defendants *are in possession of the premises* at the time they seek to invoke the jurisdiction of the reviewing court and the requirements of the statute are applicable and mandatory to invoke jurisdiction.

It follows herein that appellant was bound by the requirements of § 534.380 relative to the posting of a bond because appellant was *in possession of the premises ten days subsequent to the rendition of judgment and at the time she filed her notice of appeal.* Since appellant was *in possession of the premises,* § 534.380 required the filing of a bond before the jurisdiction of this court was invoked.

Appeal dismissed.

All concur.