**EXECUTIVE HILLS HOME BUILDERS, INC.,**
Respondent,

v.

**Nanci M. WHITLEY, Appellant.**

No. WD 41271.

Missouri Court of Appeals,
Western District.

May 23, 1989.

J.D. Williamson, Jr., Independence, for appellant.

S. Preston Williams and Thomas E. Barzee, Jr., Williams and Barzee, North Kansas City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

Appellant, Nanci M. Whitley, was sued by respondent, Executive Hills Home Builders, Inc., on a promissory note for $55,-000.00. On motion by respondent, the trial court entered summary judgment against appellant. The issue on this appeal is whether the note, otherwise payable in installments, was accelerated and became fully due pursuant to a "due on sale" clause.

On May 19, 1986, Whitley signed two promissory notes, the first to First Savings Bank and the second to Executive Hills. Repayment of each note was secured by a deed of trust on the same real estate. First Savings Bank was the beneficiary of the first deed of trust to which the deed of trust to Executive Hills was subordinate.

The promissory note to Executive Hills was in the amount of $55,000.00 and was repayable in annual installments commencing May 19, 1987. The note included the following clause:

> If all or any part of the Property or an interest therein is sold or transferred by Borrower or refinanced then all sums due under this Note and secured by the Deed of Trust shall be immediately due and payable.

On October 31, 1986, the real estate was sold at a foreclosure sale held by the trustee under the deed of trust given for the benefit of First Savings Bank. There was some dispute as to whether a default in the First Savings Bank note had occurred and whether foreclosure was properly invoked as to that obligation. *See First Sav. Bank, F.S.B. v. Whitley,* 751 S.W.2d 60 (Mo.App. 1987). The foreclosure did, however, occur and the real estate was conveyed by the trustee to First Savings Bank.

This suit was commenced November 10, 1986, seeking judgment against Whitley for $55,000.00, interest and attorney fees, the contention being that the trustee's sale of the real estate under the first deed of trust amounted to a sale or transfer of the property by Whitley thereby accelerating the due date of the note to Executive Hills under the clause quoted above. The petition alleged no demand upon Whitley for payment or notice to her of acceleration. The note was not then in default otherwise, the first installment payment date of May 19, 1987 being some six months thereafter.

The trial court found in its entry of summary judgment that the foreclosure of the first deed of trust by First Savings Bank was equivalent to a transfer of the real estate by Whitley, that the note payment date on the obligation to Executive Hills was thereby accelerated and Executive Hills was entitled to judgment.

Whitley contends in her principal point of error that the clause of the note agreeing to an acceleration in the event of a sale or transfer of the property by the borrower does not include an involuntary sale by a trustee pursuant to a deed of trust foreclosure. We agree.

It is first appropriate to point out that Executive Hills did not allege in its petition that First Savings Bank foreclosed on the subject property because Whitley defaulted in payments owed First Savings Bank. There is, in fact, no petition allegation as to what act or omission by Whitley precipitated the foreclosure. The allegation is, merely, that the foreclosure occurred.[1] The question here therefore is whether the due on sale clause in the note to Executive Hills became operative upon the event of a foreclosure, for whatever reason, under the prior deed of trust.

A court cannot make a contract for the parties that they did not make for themselves, or impose upon the parties obligations they have not assumed. *Stern Fixture Co. v. Layton,* 752 S.W.2d 341, 343 (Mo.App.1988). The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention. A court will not

---

1. The opinion in *First Sav. Bank, F.S.B. v. Whitley,* 751 S.W.2d 60 (Mo.App.1987), indicates what First Savings Bank considered to be cause for foreclosure and that Whitley has asserted the foreclosure to have been wrongful.

resort to construction where the intent of the parties is expressed in clear and unambiguous language for there is nothing to construe. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973).

It is generally considered that the acceleration of the maturity of an installment note is a harsh remedy. A right to accelerate, in order to be effective, should be clear and unequivocal, and if there is reasonable doubt as to the meaning of the terms employed, preference should be given to the construction which will avoid the forfeiture and prevent acceleration of maturity. *Morris v. Granger*, 675 S.W.2d 15, 17 (Mo.App.1984).

The language of the clause upon which Executive Hills relies in this case to accelerate the note plainly states that maturity is accelerated when the property "is sold or transferred by the Borrower." Obviously, the borrower is Whitley, not the trustee under the first deed of trust. It is equally apparent that the sale and transfer accomplished under the foreclosure was not the act of Whitley who vigorously opposed the action of First Savings Bank in conducting the foreclosure sale. As is true in most mortgage foreclosures, the property transfer was involuntary as respects the mortgagor.

A stark omission from the terms of the subject note is the lack of any reference to the note secured by the first deed of trust. Had Executive Hills been concerned at the time over the vulnerability of its security in the event Whitley failed to pay the sums due under the prior note, it could readily have included an acceleration provision to guard against that event. The fact that the acceleration clause was conditioned only upon a sale or transfer of the property by Whitley lends strength to the conclusion that the clause did not apply to the eventuality of default under the first note and a recourse by the first note holder to the security.

To reach the result sought by Executive Hills under its summary judgment motion, it is necessary to engraft upon the due on sale clause an obligation by the borrower to maintain current payments on the prior note and to perform all acts necessary to avoid foreclosure of the first deed of trust. None of those conditions were expressed or even implied in the language used in the instrument. Under the authorities previously cited, the court is not empowered to make a new contract for the parties but, in the case of a potential forfeiture in consequence of a note acceleration, to construe that actual language literally and in the event of a reasonable doubt, to avoid the forfeiture. The trial court erred in judging the dispute otherwise.

A further defect exists in Executive Hills' claim. An installment payment note, not being payable when drawn, is not a demand note. *See* Section 400.3–108, RSMo 1986. In the case of an instrument payable on a specific date, the cause of action accrues against the maker on the day after maturity. Section 400.3–122(1)(a), RSMo 1986. An acceleration clause is not self-enforcing. It creates only an option in the holder of the note to treat the entire debt as due. *Miller v. Jones*, 635 S.W.2d 360, 362 (Mo.App.1982). To invoke the acceleration clause, the holder of the note must perform some affirmative, overt act evidencing his intention to take advantage of the accelerating provision. *Capital City Motors, Inc. v. Thomas W. Garland, Inc.*, 363 S.W.2d 575, 578 (Mo. 1962).

In the present case, the foreclosure sale of the real estate, the act alleged by Executive Hills to have entitled it to invoke the acceleration clause, occurred on October 31, 1986. The first installment payment to be made by Whitley to Executive Hills was not due until May 19, 1987. No notice is alleged to have been given Whitley that Executive Hills was resorting to the acceleration provision. Instead, Executive Hills filed this suit November 10, 1986, proceeding on the erroneous assumption that an automatic acceleration of the note occurred on October 31, 1986. The suit was premature and served no purpose except to notify Whitley that Executive Hills claimed full payment due on the note under the acceleration clause.

We conclude that summary judgment was entered against appellant erroneously and the judgment must therefore be reversed. It is also appropriate, however, to remand the case for further proceedings. There appears to have been no challenge made by appellant to the underlying note obligation. Because the time for payment of at least three installments regularly due under the note has now passed, it may be that the issue of the acceleration clause has little or no practical significance. We therefore remand the case for such amendment of the pleadings as the parties may offer and for further proceedings consistent with this opinion.

The judgment is reversed and the case is remanded.

All concur.