Charles SUTTON and Joyce Sutton, Appellants,

v.

BANK OF PERRYVILLE, a banking corporation, Respondent.

No. 56147.

Missouri Court of Appeals, Eastern District, Southern Division.

May 1, 1990.

Thomas A. Ludwig, Jackson, for appellants.

Francois J. Toohey, Jr., Perryville, John W. Reid, II, Fredericktown, for respondent.

CRIST, Judge.

Appellants (Suttons) appeal a summary judgment in favor of Respondent (Bank). Suttons alleged claims for breach of contract and fraud arising out of a business loan made by Bank. We affirm.

Suttons operated a liquor store. Bank loaned them $25,000 on September 25, 1984, so Suttons could consolidate a loan from a different bank and buy additional inventory. The note executed can best be described as a "hybrid" note. On the top of the note form, boxes are checked indicating it was a "demand" note and had a fixed maturity date of September 25, 1985. Lower down on the note, boxes are marked which indicate:

Principal shall be payable: on demand [and] by installment beginning Oct. 25, 1984 and on the same day of each month thereafter each in an amount not less than $550.00 including interest until Sept. 25, 1985 at which time the entire balance of principal and interest shall be due and payable.

During the week of October 14, 1984, Bank was informed by its credit bureau Suttons owed $7,575.31 to the Missouri Department of Revenue and were subject to a tax lien. The Suttons never disclosed the existence of such lien. The security agreement declared the Suttons' property was free of all liens.

On October 22, 1984, Suttons overdrew their checking account by more than $2,000. Bank demanded the Suttons pay $10,000 by November 1 or the entire balance would be accelerated. Suttons and Bank eventually entered an agreement whereby Suttons would pay 10% of their gross sales, or a minimum of $500 per week. In January, 1985, Bank allowed Suttons to return to the original payment schedule of $550 per month. The original loan was extended beyond its September, 1985 due date at which time the balance due was $13,109.11.

Suttons filed for bankruptcy on October 6, 1986. Their assets totaled approximately $46,000 while their liabilities exceeded $135,000. The September, 1984 loan was discharged.

Suttons claimed Bank's demand for payment violated the note's "default and acceleration" clause in that Bank knew, or should have known, of the tax lien and was informed of the possibility of overdrafts when Suttons purchased inventory for the holidays. Therefore, they did not fail to disclose information, a violation of the clause, nor did they impair Bank's security. Bank claimed Suttons violated the acceleration clause and the note was payable on demand. The trial court granted summary judgment for Bank because the "default and acceleration" clause had been violated

thereby giving Bank the right to accelerate the loan.

We review the record in a light most favorable to Suttons. *McMullin v. Borgers,* 761 S.W.2d 718, 719 (Mo.App.1988). Bank does not argue on appeal the note was a demand note. We need not address that issue and treat this note as one payable at a definite time.

The "default and acceleration" clause of the note states:

The Borrower [Suttons] shall be in default upon the occurrence of any one or more of any of the following events: ... (3) any warranty or representation made by the Borrower [Suttons] shall prove to be false or misleading in any respect; ... (5) any change that occurs in the condition or affairs (financial or otherwise) of the Borrower [Suttons] ... of this promissory note which, in the opinion of the Lender [Bank], impairs the Lender's [Bank's] security or increases its risk with respect to this promissory note; ... Unless prohibited by law, the Lender [Bank] may, at its option, declare the entire unpaid balance of principal and interest immediately due and payable without notice or demand at any time after default, as such term is defined in this paragraph.

This clear and unequivocal acceleration clause gave Bank the option to treat the entire debt as due and payable in the event of a default. *Executive Hills Home Builders v. Whitley,* 770 S.W.2d 507, 509[4] (Mo. App.1989); *Morris v. Granger,* 675 S.W.2d 15, 17[2] (Mo.App.1984).

Suttons claim Bank knew at the time of the loan Suttons might later have insufficient funds to cover some checks and Bank had established a procedure for Suttons to pay for any overdrafts. However, it was not necessary for Bank to plead or show by affidavit Suttons' overdraft was an event constituting a default. According to the "default and acceleration" clause, only one defaulting event was required for Bank to accelerate the debt. The key event was Suttons' failure to disclose the existence of a lien on their property.

■ The security agreement signed by Suttons on September 25, 1984, stated the property promised to secure the loan was "free and clear of all liens." The representation proved false. It violated sentence three of the "default and acceleration" clause which stated representations proving to be false or misleading constituted an act of default.

■ Suttons claim Bank should have known of Suttons' $7,575.31 debt to the Missouri Department of Revenue. The financial statement showing the debt was dated December 31, 1983. The loan was made in September, 1984. While taking as true that no financial statement showed an expenditure was made between December, 1983 and September, 1984 which could have paid the debt, we fail to see how Bank's imputed knowledge of the debt logically could have led it to conclude Suttons' property was subject to a lien from the Department of Revenue. Knowledge of the debt does not create a genuine issue of material fact as to whether the Suttons misled Bank as to the existence of the lien. There is no dispute that: (1) the lien existed, (2) Suttons did not disclose the lien existed, and (3) Suttons falsely stated the collateral securing the debt was free of all liens. Because the clear language of the "default and acceleration clause" was violated, Bank had the option to accelerate the debt. Therefore, summary judgment was properly granted for Bank on Suttons' claim for breach of contract. Rule 74.04.

Suttons' fraud claim must fail for lack of facts to sustain it. To survive Bank's motion for summary judgment, Suttons had to present facts to prove the allegations in their pleading. *Commerce Bank of Joplin v. Shallenburger,* 766 S.W.2d 764, 768–69 [5, 6] (Mo.App.1989). They did not set forth facts, by affidavit or otherwise, showing a genuine issue for trial on their fraud claim. *Id.;* Rule 74.04(e).

Judgment affirmed.

SIMON, C.J., and CARL R. GAERTNER, J., concur.