**MERCANTILE BANK OF KANSAS
CITY, Respondent,**

v.

**CONSOLIDATED MEDICAL
SERVICES, INC., et al.,
Appellants.**

**No. WD 46315.**

Missouri Court of Appeals,
Western District.

Dec. 22, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied
March 23, 1993.

John H. Trader, Kansas City, for appellant.

Michael Elbein, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE
and KENNEDY, JJ.

FENNER, Judge.

Appellants, Medical Practice Associates,
Inc. (MPA),[1] appeal from the Circuit

---

**1.** Appellants include Medical Practice Associates, Inc., Medcom Systems, Inc., Same Day Surgery, Inc., Hanna Medical Clinic, Inc., Surgery Central–Kansas City, Inc., and Consolidat-

Court's order, entered on April 15, 1992, granting respondent's, Mercantile Bank of Kansas City, Inc. (Mercantile), motion for summary judgment in its unlawful detainer action regarding possession of MPA's leased premises. Mercantile, pursuant to Rule 84.10, filed a motion to dismiss the appeal on September 11, 1992.

As a brief background to the case, on March 6, 1989, Mercantile foreclosed a July 15, 1986 Deed of Trust on property known as 40 Hi Center and purchased the property at a trustee's sale. In addition to granting the deed of trust on July 15, 1986, the original owners of the property, 40 Hi Center Leasing and Warehousing Development Co. (Development Co.), also signed an Assignment of Rents and Leases, assigning Mercantile certain rights in future leases. As of July 15, 1986, none of the appellants had leased any of the premises at issue. On June 23, 1987, each of the appellants signed leases with Development Co. In June 1991, due to MPA's failure to pay rent, Mercantile sent notices for MPA to vacate the premises.[2] Upon MPA's refusal, Mercantile filed separate rent and possession lawsuits against appellants seeking unpaid rent and possession of the premises occupied by MPA. These actions were consolidated and transferred to the Circuit Court after MPA filed a multi-count counterclaim.

On December 18, 1992, Mercantile filed an Amended Petition, alleging claims in rent and possession, and unlawful detainer. Mercantile moved for summary judgment on its unlawful detainer claim.

The facts relevant to the motion to dismiss the appeal are the following. The trial court entered its order granting Mercantile's motion for summary judgment on April 15, 1992. The order, designated as a final judgment pursuant to Rule 74.01(b), further awarded Mercantile immediate possession of the premises. The issue of damages was to be considered separately by the trial court.

MPA, in what appeared to be an effort to comply with section 534.380, RSMo 1986, filed a supersedeas bond in the amount of three thousand dollars ($3,000.00) on April 27, 1992 without the trial court's approval.[3] No amount had yet been set by the trial court for any supersedeas bond. Mercantile filed an opposition to MPA's proposed $3,000 supersedeas bond on May 7, 1992, claiming the amount to be grossly insufficient. Mercantile also had initiated process to execute on the judgment and evict MPA.

MPA filed its notice of appeal on May 21, 1992. On May 29, 1992, the trial court entered an order disapproving the self-set supersedeas bond filed by MPA. In its order, the trial court set the bond amount at $300,000, giving MPA twenty (20) days from the date of the order to file the bond. The court stayed execution of the court's judgment for twenty (20) days from the date of the order, and thereafter pending appeal, if MPA filed the required bond within twenty (20) days. According to the record, appellants failed to post the required bond.

In July 1992, settlement negotiations took place between the parties to the action. The parties agreed that MPA would remove themselves from the premises if the settlement agreement did not close. No formal settlement was reached, thus MPA abided by the agreement and vacated the premises on August 10, 1992.

In its motion to dismiss, Mercantile argues that: (1) the appellate court lacks jurisdiction in that at the time of the filing of the notice of appeal, MPA remained in possession of the premises and failed to file the required $300,000 appeal bond in accordance with section 534.380; and (2) the issue before the court, that of possession of the premises, is now moot in that MPA has now vacated the premises pursuant to an agreement reached during settlement nego-

---

ed Medical Services, Inc. All appellants leased the premises in issue. For purposes of this opinion, appellants are referred to collectively as Medical Practice Associates, Inc. (MPA).

**2.** Appellants allegedly failed to pay rent because of the landlord's failure to install and complete

certain of appellants' leasehold improvements and tenant finishes as agreed and represented by the landlord, Development Co.

**3.** All references to section 534.380 are to RSMo 1986.

**20**

tiations.[4]

Mercantile's first argument is dispositive. Section 534.380 states, in relevant part:

Applications for ... appeals shall be allowed and conducted in the manner provided in chapter 512, RSMo, but no application for ... appeal shall be allowed unless a bond which is sufficient to act as a supersedeas of the judgment is filed with the court within ten days after rendition of the judgment.

The court in *First Savings Bank v. Whitley,* 751 S.W.2d 60, 64 (Mo.App.1987), interpreted section 534.380 in a factual situation similar to the case at bar. The court held that because appellant was in possession of the premises ten days subsequent to the rendition of judgment and at the time she filed her notice of appeal, section 534.380 required the filing of a bond before the jurisdiction of the appellate court was invoked. *Id.* The appeal in *Whitley* was dismissed due to appellant's failure to file a bond in accordance with section 534.380. As the court stated, "the requirements of the statute are applicable and mandatory to invoke jurisdiction." *Id.*

The *Whitley* court's holding reflects a policy of protecting landlords from tenants who remain in possession of property without paying rent and commit waste thereon while the appeal is pending. *Id.* at 63. The bond serves to protect the landlord in the collection of accrued rents and the payment of damages and costs.

In the case at bar, appellants were in possession of the property until August 10, 1992, almost three months after the notice of appeal was filed. Appellants filed a supersedeas bond on April 27, 1992 in the amount of $3,000, but failed to obtain the court's approval as to the sufficiency of the bond. The trial court found MPA's self-set bond insufficient and ruled that a $300,000 supersedeas bond was required. MPA failed to post this bond. Allowing appellants to remain in possession of the premises without paying rent and without posting

a sufficient bond would thwart the policy announced in *Whitley* of protecting the landlord.

Appellants failed to meet the requirements of section 534.380 because they remained in possession of the premises at the time they filed their appeal and failed to file "a bond which is sufficient to act as supersedeas of the judgment." Thus, this court lacks jurisdiction over the appeal. Accordingly, it is not necessary to address Mercantile's second argument in support of its motion to dismiss.

The appeal is dismissed.

All concur.

---

4. In this regard, it is represented that the parties entered into an agreement whereby MPA would either purchase the subject property or vacate the same. Failing to complete purchase of the property, MPA vacated the premises.