**Wanda L. DALTON, Plaintiff–
Respondent,**

v.

**Charles RAINWATER, Defendant–
Appellant.**

No. 19883.

Missouri Court of Appeals,
Southern District,
Division Two.

June 26, 1995.

---

Keith D. Sorrell, Spain, Merrell & Miller, Poplar Bluff, for appellant.

L. Joe Scott, Daniel T. Moore, Poplar Bluff, for respondent.

PREWITT, Judge.

Following non-jury trial, judgment was entered in favor of Plaintiff. Defendant appeals. Review is under Rule 73.01(c). For that rule's interpretation, see *Enderle v. Robert,* 863 S.W.2d 692, 693 (Mo.App.1993).

Plaintiff entered into an agreement with Defendant by which she was to purchase real estate in Butler County upon which improvements had been constructed.

A dispute arose between the parties, and following trial on August 30, 1993, an "interlocutory judgment" was entered determining that Plaintiff was entitled to specific performance. The next day the improvements upon the property were extensively damaged by fire. At issue here is who is entitled to the proceeds of the insurance which Defendant had on the improvements. The trial court determined that, pursuant to paragraph eleven of the contract, Plaintiff was entitled to the insurance proceeds. That provision states:

11. All improvements now on the above described premises shall be delivered to the Buyer at the time of closing in as good condition as they are now in at the date of this Contract, ordinary wear and tear excepted. Provided, however, if prior to closing any of the principal improvements be materially damaged or damaged to the extent such principal improvements is rendered untenantable, the Seller forthwith shall give the Buyer written notice thereof; the Buyer at her election may avoid this Contract by giving written notice of such election to the Seller within five (5) days of notice of such damage or prior to closing, whichever time first occurs, in which case, the downpayment shall be returned to the Buyer and the abstract of title to the Seller; but if the Buyer does not so elect to avoid this Contract, the Buyer shall receive the insurance payable for such damage not to exceed the policy limits to the exoneration of the Seller.

Defendant presents two points relied on. His first point states the trial court erred in awarding the proceeds to Plaintiff "without requiring that those proceeds be paid to [Defendant] as a reduction of [Plaintiff's] promissory note balance because paragraph 11 of the parties' sales contract requires the application of the insurance proceeds to the promissory note in that paragraph 11 states that Wanda Dalton shall receive the insurance payable for damage to the property to the exoneration of the seller."

Defendant argues that "exoneration of the Seller" should be construed "to require payment of the insurance proceeds to [Plain-

tiff], who would then pay the proceeds to [Defendant], who would give [Plaintiff] a corresponding credit on her promissory note." Even construing the agreement favorable to Defendant, we do not see how that construction can be reached. "Exoneration" means the removal of a burden, charge, responsibility or duty. BLACK'S LAW DICTIONARY 576 (6th ed. 1990). *See also* 35 C.J.S. p. 227 (1960) ("Exoneration" is the "removal of a burden, charge, or duty"); THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 679 (2d ed. 1987) ("Exonerate" means to remove from obligation, duty, or task.)

The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention. A court will not resort to construction where the intent of the parties is expressed in clear and unambiguous language for there is nothing to construe. *Executive Hills Home Builders, Inc. v. Whitley,* 770 S.W.2d 507, 508–509 (Mo.App.1989). This court cannot make a contract for the parties they did not make or impose upon them obligations not assumed in the contract. *Id.* at 508. Reaching a result other than we do would violate these rules.

The obligations of Defendant as seller, contained in paragraph eleven, are to deliver the improvements in as good a condition as they were at the time of the contract, ordinary wear and tear excepted, and in case Plaintiff as buyer elects not to purchase in the event the improvements be materially damaged, to return to her the down payment. If Plaintiff elects to proceed by receiving the insurance proceeds, Defendant is exonerated, that is relieved, of those obligations. We conclude this is the only reasonable construction of paragraph eleven. To construe the exoneration reference to require the insurance to be applied on the note, would be contrary to its meaning, and would add provisions not in paragraph eleven. Point one has no merit and is denied.

■ For his second point, Defendant asserts that the trial court erred in awarding Plaintiff the insurance proceeds because he "is the only proper payee of those proceeds as the named insured and that [Plaintiff]

would have no rights in an insurance policy procured by [Defendant]."

This contention is contrary to Missouri cases that allow the purchaser to receive the insurance proceeds even when there is no provision so providing in the contract. *See Skelly Oil Co. v. Ashmore,* 365 S.W.2d 582, 587–589 (Mo. banc 1963); *Reed v. Foulks,* 675 S.W.2d 695, 697 (Mo.App.1984). When the contract provides, as it did here, for the purchaser to receive the insurance proceeds under certain conditions, there would be no reason not to enforce the contract as written. *Cf. 3615 Corp. v. New York Life Ins. Co.,* 550 F.Supp. 1035 (E.D.Mo.1982), *aff'd* 717 F.2d 1236 (1983). Point two is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.