Joseph L. KOVIAK and Margaret M. Koviak, Plaintiffs-Respondents,

v.

UNION ELECTRIC COMPANY et al., Defendants-Appellants.

No. 53383.

Supreme Court of Missouri, Division No. 1.

June 16, 1969.

As Modified on Court's Own Motion July 14, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied July 14, 1969.

David G. Dempsey, Dempsey & Dempsey, Clayton, for plaintiffs-respondents.

C. Kenneth Thies, Kerth, Thies, Schreiber & Hamel, Clayton, for defendant-appellant, Union Electric Co.

PAUL E. VARDEMAN, Special Judge.

Plaintiffs brought suit to quiet the title to a one-hundred foot strip of abandoned railroad right of way adjoining a tract of ground owned by them. The trial court entered judgment quieting title to the abandoned right of way in plaintiffs unencumbered by an easement claimed by defendant Union Electric Company. From that action defendants appealed.

The real estate in dispute situated in St. Louis County is a smaller parcel of a larger tract originally conveyed in 1889 to Mary E. Doak for life with the remainder to the heirs of her body. In 1902 by condemnation the St. Louis Belt and Terminal Railway Company acquired a right of easement in a two hundred foot strip across the property then owned by Mary Doak and her heirs. Mary Doak died in 1942. Her sole heirs were two daughters, Emily Sutton and Gladys Schnatzmeyer. On April 4, 1953, Emily Sutton and Gladys Schnatzmeyer conveyed to Harry and Marie Lattrace by a metes and bounds description a parcel of land lying to the

south of the land encumbered by the two hundred foot railroad right of way easement, which is the subject of this litigation. The conveyance to the Lattraces of 1.971 acres of ground referred to the existing railroad right of way and used the southerly boundary of the right of way as the northerly boundary of the property conveyed to the Lattraces. Title remained in the Lattraces until September 1, 1959, at which time Marie Lattrace conveyed (Harry having earlier died) by the same metes and bounds description as in her deed from Sutton and Schnatzmeyer to Joseph L. Koviak and Margaret M. Koviak, plaintiffs herein. There was never any conveyance of the railroad right of way to plaintiffs. The only mention of it was as one of the boundaries of the tract conveyed.

On November 5, 1958, at which time the Lattraces owned the adjacent tract, the Terminal Railway Association, successor to the St. Louis Belt Railway Company, abandoned the two hundred foot right of way. On August 13, 1959, Terminal Railway executed a quit claim deed to Union Electric Company conveying whatever interest, if any, it had in the abandoned right of way.

On February 13, 1960, over five months after she had conveyed the 1.971 acreage to plaintiffs Koviak, Marie Lattrace executed to Union Electric Company an easement over the abandoned railroad right of way adjoining the property earlier conveyed to plaintiffs.

Suit was instituted by plaintiffs in the Circuit Court of St. Louis County to quiet title in them to the one hundred foot strip of abandoned right of way adjacent to their property. They sought judgment of a fee interest unencumbered by any easement to Union Electric Company. The defendants in the case were Union Electric Company whose interest was by reason of the easement from Marie Lattrace dated February 13, 1960; Terminal Railroad Association of St. Louis which specifically disclaimed any interest in the property;

Gladys Schnatzmeyer and Marie Lattrace, the only surviving grantors.

Defendant Union Electric Company joined as a third party defendant the Guaranty Land Title Company seeking indemnification against it based upon a guaranty certificate issued by that company with respect to the abandoned right of way.

The evidence before the trial court was by way of stipulations between the parties, the various documents of conveyance, and very brief testimony from two witnesses primarily with respect to technical matters. The trial court found for the plaintiffs, quieted a fee title to the abandoned railroad right of way in them unencumbered by the easement claimed by Union Electric for the reasons as shown in Findings of Fact as follows:

"6. That the conveyance (April 4, 1953) by Emily Sutton and Gladys Schnatzmeyer * * * to Lattrace took into account an existing railroad right of way and that the conveyance of Lattrace to Koviak took into account the railroad right of way as if it still existed.

"7. That grantors in the two deeds intended to convey and did convey whatever interest they had in the abutting right of way (either as an existing or an abandoned right of way)."

The judgment which was originally entered on June 15, 1967, also found against the third party defendant Guaranty Land Title Company on the third party claim of Union Electric Company but granted no relief. The judgment specified that defendant and third party plaintiff Union Electric could seek "appropriate relief" thereafter. From that original judgment defendants Union Electric, Lattrace and Schnatzmeyer filed motions for new trial. Third party defendant Guaranty Land Title Company also filed a motion for new trial.

Thereafter on July 12, 1967 (less than 30 days after the original judgment) the court

entered an amended decree deleting its findings and conclusions as to the third party action, and on its own motion granted a separate trial to Guaranty Land Title on the third party action and further provided that the judgment of June 15, 1967, was a final appealable order for the purpose of appeal in accordance with Supreme Court Rule 82.06, V.A.M.R.

From the amended decree defendants Lattrace and Schnatzmeyer filed motion for new trial as did third party defendant Guaranty Land Title. Union Electric Company, however, did not file a motion for new trial following the entry of the amended decree. On September 25, 1967, the court entered its order overruling all of the motions for new trial, and on the same date defendant Union Electric Company filed its Notice of Appeal to this court. At the same time defendants Lattrace and Schnatzmeyer filed their appeals but subsequently dismissed them.

The question presented in the case is whether or not defendant Union Electric Company took anything by the conveyance of easement executed by Marie Lattrace on February 13, 1960, or whether title to the abandoned railroad right of way passed to plaintiffs by reason of their deed from Lattrace on September 1, 1959. Before reaching that issue, however, it is necessary to consider plaintiffs' contention that the appeal should be dismissed as being untimely.

Plaintiffs argue that no final judgment was entered until July 12, 1967, when the trial court set aside the submission as to the third party petition and provided that the June 15th judgment was final for purposes of appeal under Rule 82.06. Since defendant Union Electric did not file a new motion for new trial after July 12th nor refile their earlier motion, the notice of appeal filed September 25th was untimely argue plaintiffs and nothing was preserved for review.

■ We rule this contention against plaintiffs. This case was tried before the circuit judge without a jury. The only evidence consisted of stipulations, exhibits, various statements of counsel and formal proof. Under these circumstances the defendant was not required to refile its motion for new trial after the court amended its earlier judgment. Pine Lawn Bank & Trust Company v. Urbahns, Mo.App., 417 S.W.2d 113. Furthermore, in response to a similar argument made in City of Mt. Vernon v. Garinger, Mo., 395 S.W.2d 214, we said, "No such motion (new trial) is necessary for review of a case tried by the court without a jury. Rule 73.01(d), V.A. M.R."

■ The general rule which we have long followed in this state with respect to title to abandoned street and railroad rights of way is set out in Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, l.c. 654, 136 A.L.R. 286: "Where an easement only is received by a railroad company, the same rule should apply to the lands used for railroad purposes and later abandoned as applies to a public highway. Our Constitution, Article XII, § 14, declares railways to be public highways. If a highway is taken wholly off one man's property and such highway is later vacated, the use of the land goes back to the original owner, or his grantees, freed from the public use or easement. It is in the absence of evidence to the contrary that the title to the fee is presumed to be in the abutting landowners and the title of each extends to the center of the way. This presumption may be rebutted by evidence to show that the entire way has been taken from the land of only one of the abutting owners." Schuermann Enterprises, Inc., v. St. Louis County, Mo., 436 S.W.2d 666.

This rule is based upon sound public policy considerations. It assures ease of ascertaining ownership and prevents the vesting of title upon abandonment of a right of way in the heirs of long since deceased grantors or predecessors in title. Often the abandoned rights of way are valueless and as was said in Paine v. Consumers' Forwarding and Storage Co., 6

Cir., 71 F. 626, 632: "The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public easement in them, and which then become valuable by reason of abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases."

Defendant Union attempts to distinguish this general rule relating to abandoned railroad rights of way because the abandonment here took place while the abutting property to which plaintiffs succeeded was still titled in Marie Lattrace and that since the same metes and bounds description was used by her in conveying to Koviak, she therefore reserved the title to the right of way. Defendant also argues that the trial court erred in ruling that Marie Lattrace and the Koviaks treated the conveyance as if the railroad right of way still existed without any evidence as to their intention.

These arguments of appellant must fail. We recently considered a similar situation in Prewitt v. Whittaker, Mo., 432 S.W.2d 240, which was a quiet title action involving a vacated street and where the question for determination was l.c. 240: " * * * whether a grant of abutting lots (to a vacated street) by description, omitting in mention of the former street, carries the title to the strip to the grantees." In that case, as here, the conveyance made no mention of the abandoned right of way. We held l.c. 245: " * * * that where land adjoining a previously vacated area (street, alley, or other land dedicated to public use) is conveyed without mentioning the area, half (or all as the facts show) of the vacated area is presumed to be included in the grant, which presumption is subject to being rebutted by surrounding facts and circumstances clearly and convincingly showing an intention to the contrary." Our holding in that case was a reiteration of the rule long followed in this state. Snoddy v. Bolen, 122 Mo. 479, 24 S.W.

142, 25 S.W. 932, 24 L.R.A. 507; Thomas v. Hunt, 134 Mo. 392, 35 S.W. 581, 32 L.R.A. 857; Neil v. Independent Realty Co., 317 Mo. 1235, 298 S.W. 363; Kansas City v. Jones Store Co., 325 Mo. 226, 28 S.W.2d 1008; American Steel and Wire Co. of New Jersey v. City of St. Louis, 354 Mo. 692, 190 S.W.2d 919.

The reasons for this rule are enunciated in the Snoddy case, 25 S.W., l.c. 934, where it is said that: " * * * the rule stands on the ground of policy, and a presumption raised by the law to carry out the policy * * * The rule is of the utmost importance, and is necessary to prevent afterthought strifes and litigation, like the one now in hand, over detached strips and gores of land, generally of no value to anyone save the lot owner."

In this case the presumption was that the conveyance from Marie Lattrace to plaintiffs included the abandoned railroad right of way unless clear and convincing evidence showed a contrary intention.

There is no evidence in this case indicating the intention of either the grantor or grantee with respect to the right of way. The only reference to it in the deed is as a boundary line on the 1.971 acre tract conveyed. Neither Marie Lattrace nor Mr. or Mrs. Koviak gave evidence with respect to their intention.

It is true on February 13, 1960, Marie Lattrace gave an easement to defendant Union Electric Company over the abandoned railroad right of way, but this was subsequent to her conveyance to plaintiffs. She had taken no other action indicating any exercise of dominion or ownership over the railroad right of way. It is also shown by the record that plaintiffs did not seek to rezone the abandoned tract in 1962 when they applied to the county council for a rezoning permit. Both parties treated the situation as if the railroad right of way still existed even though it had been abandoned in 1958. Neither the grants of easement to Union Electric by Mrs. Lattrace nor the failure to seek rezoning by

Koviaks establishes clearly and convincingly an intention on the part of Marie Lattrace to retain title to the abandoned strip in her name.

In the Prewitt case supra, where we held the evidence supported a finding against the presumption, the prevailing party retained actual physical dominion over the disputed tract.

██ We hold that the title to the abandoned railroad right of way passed to plaintiffs by operation of law on September 1, 1959, when Marie Lattrace conveyed the abutting 1.971 acres. Her subsequent attempt to grant an easement to defendant Union Electric did not change anything. She could not defeat plaintiffs' title by conveying to Union Electric something she did not own. It is elemental in order to convey an easement she had to be possessed of the fee.

██ Defendant argues that the trial court erred in finding an intention on the part of the grantors to convey their interest in the abutting right of way. The intention was in reality a presumption created by law. It was not necessary that there be evidence of the intention to convey. That was presumed. Quinn v. St. Louis-San Francisco Railway Company, Mo., 439 S.W.2d 533. It was however necessary to defeat the presumption to adduce clear and convincing evidence to the contrary, that is, that it was not intended that the abandoned railroad right of way was to be conveyed. That burden was upon defendant and was not met in this case.

The trial court in its findings properly construed the intent of the parties. It was an intention presumed in law and not overcome by clear and convincing evidence.

The judgment is affirmed.

HENLEY, P. J., and SEILER, J., concur.

STORCKMAN, J., not sitting.