Arthur A. GILLIS and Arthur A. Gillis & Associates, Respondents,

v.

NEW HORIZON DEVELOPMENT COMPANY, INC., Ronald Kaltz and William M. Grace, Appellants.

No. WD 33288.

Missouri Court of Appeals, Western District.

Dec. 20, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 31, 1984.

Joseph K. Houts of Wilcox, Houts & Douglas, St. Joseph, for appellants.

Daniel J. Flanigan of Jenkins & Flanigan, Kansas City, for respondents.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is an action for the recovery of damages upon a breach of contract. This appeal lies only from that portion of the judgment (Count I) entered on the jury's verdict against appellants. No cross-appeal was filed by respondents as to that portion of the judgment (Count II) entered upon the jury's verdict to the favor of appellants. That portion of the judgment is considered abandoned on this appeal. The judgment is reversed.

Appellants present four points, but due to the disposition of this appeal, only one of those points is taken up for consideration. Appellants charge that the judgment must be reversed because the petition failed to state a cause of action, that is, the petition failed to allege performance of the condition precedent created by the written agreement between the parties, and such defect was not otherwise cured by respondents' evidence.

There being no challenge to the evidence, a brief summary of the pertinent facts suffices.

Appellants are Ronald Kaltz, a practicing attorney in Missouri, William Grace, an employee of the W.M. Grace Construction Co. (a Missouri corporation engaged in general contracting), and New Horizon Development Co., Inc., a Missouri corporation. Respondents are Arthur Gillis, a C.P.A. and the president of Arthur A. Gillis & Associates, and Arthur A. Gillis & Associates, a California corporation engaged in the development and syndication of subsidized housing projects.

Appellants formed a limited partnership, named Landmark Towers Ltd., for the purpose of owning, developing, constructing, and maintaining a housing project, known as Landmark Towers in Liberty, Missouri, for elderly residents. On February 26, 1979, appellants and respondents entered into an agreement whereby respondents would assist in raising equity capital for the Landmark Towers project. This agreement serves as the basis for this action.

The agreement provided that upon securing investors, Arthur A. Gillis & Associates (hereinafter AAGA) was to form a limited partnership pursuant to the laws of California, providing the investors to be limited partners. The California limited partnership was to become the Investor Limited Partnership of Landmark with a 99% interest in Landmark, and appellants were to be the general partners therein with a 1% interest. The purpose of the Investor Limited Partnership was to make capital contributions to Landmark, thus enabling Landmark to pay fees to the appellants in the total sum of $405,000.00. This same agreement also provided that counsel for AAGA was to prepare a limited partnership agreement for Landmark, which would reflect the agreement of February 26, 1979, and would contain other terms and conditions as reasonably recommended by appellants and appellants' counsel.

This litigation, both at trial and on this appeal, includes controversy over the limited partnership agreements. The litigation also involved a dispute over the terms of the February 26, 1979 agreement. Because of the disposition on this appeal, discussion of or a ruling upon the issues within the limited partnership agreements is not reached.

■ The agreement of February 26, 1979 contained the following:

"V.E. The agreement is contingent on AAGA satisfying William M. Grace's Bank that the notes of the investors may be collateralized with said bank."

It is appellants' contention that the above provision is a condition precedent within and as a part of the February 26, 1979 agreement. This court agrees with appellants' contention. "A condition precedent is an act or event that must be performed or occur, after the contract has been formed, before the contract becomes effective." *Globe American Corp. v. Miller Hatcheries, Inc.,* 110 S.W.2d 393, 396 (Mo.App.1937).

The reading of the above provision leads to the inescapable conclusion that the provision, by its very wording, is unambiguous, and thus, such provision imposed upon respondents the responsibility to satisfy the bank of appellant William M. Grace that the investors' notes may be collateralized with the Grace bank.[1] Thus, the provision required performance by AAGA before the February 26, 1979 agreement became effective.

"Conditions precedent are disfavored and contract provisions are construed as such only if unambiguous language so requires or they arise by necessary implication." *Juengel Construction Co., Inc. v. Mt. Etna, Inc.,* 622 S.W.2d 510, 513 (Mo.App.1981). The particular provision herein (i.e., "V.E." above) is unambiguous by its very wording.

Respondents meet appellants' contention as to the nature of the above contract provision with an alternative argument. First, respondents deny that said provision is a condition precedent. This argument, as noted above, is totally meritless. As an alternative argument, respondents state that if said provision is found to be a condition precedent, the failure to plead it as such was cured by the evidence, the instruction, and the jury's verdict.

It is obvious from the reading of respondents' petition that the above provision was not pleaded as a condition precedent, nor does the petition allege respondents' per-

formance of same. What is obvious from the reading of respondents' petition is that respondents have pleaded performance of having secured investors and of forming the California partnership. As noted again, however, said petition contains no allegation of performance or any excuse of nonperformance of the condition precedent prescribed by the above agreement provision. In actions based upon alleged breach of contract wherein a condition precedent is involved, our law is unquestioned as to the burden upon a party seeking recovery. "A party suing for breach of a contract must allege and prove performance of all conditions precedent, or he must allege and prove an excuse for their nonperformance. He cannot rely on a waiver under a plea of performance." *Iola Portland Cement Co. v. Ullmann,* 159 Mo.App. 235, 140 S.W. 620, 626 (1911); *Fisher v. Payton,* 219 S.W.2d 293, 295 (Mo.App.1949).

The evidence upon this precise issue is best illustrated by the following testimony of Arthur Gillis:

"Q. (By Mr. Sinclair) Mr. Gillis, did you ever have any discussions at all with anyone at Mr. Grace's bank about whether or not those notes could be collateralized with that bank?

A. No. I felt I didn't have to. I gave it to Mr. Grace; and Mr. Grace has a better relationship with his own bank than I do."

■ Thus, by respondents' own evidence, it is obvious that the requisites of "V.E." above were never met. This refutes respondents' contention that the evidence thus cured the defect in respondents' petition of failing to plead and prove performance of a condition precedent, or in the alternative, the pleading and proof of the excuse for nonperformance. What respondents seek herein is a waiver under their plea of performance. This is prohibited, see *Iola* and *Fisher, supra.*

In summary, then, it is concluded that respondents are incorrect as to both assertions (i.e., that there was no condition

---

1. "Collateralize" means "1. to make (a loan) secure with collateral. 2. to use (as securities) for collateral." WEBSTER'S NEW COLLEGIATE DICTIONARY 220 (5th Ed.1977).

precedent and that the evidence upon trial cured the defect). Respondents' additional assertions that the instruction and the jury verdict cured the defect lack such merit that neither warrants any discussion within this opinion. This case can be best summarized and hence disposed of by this court's adoption of the rule pronounced in *Dugan v. Trout*, 271 S.W.2d 593, 597 (Mo.App. 1954), a rule which is adopted herein and states:

> "[E]xamination of a long and unbroken line of authorities ... impels the belief that it would be improvident to dispense with the time-honored requirement that *either compliance or waiver must be pleaded and proved.* The wisdom of this is, we think, well demonstrated in the instant case, where, absent any averment of either compliance or waiver in his amended answer, defendant argues the case on appeal on both theories, although the concepts of compliance and waiver are inconsistent with and antagonistic to, each other."

Appellants' contention is found to be sound and correct, and the point presented to this court is sustained to appellants' favor.

As noted above, this appeal addresses only that portion of the judgment entered by the trial court as against appellants, and the remainder of the judgment is considered abandoned by respondents because no cross-appeal was filed.

The judgment against appellants in the sum of $54,465.00 is reversed.

All concur.