**Joseph E. MORGAN and Molly E. Morgan, Plaintiffs–Respondents,**

v.

**CITY OF ROLLA, Missouri, Defendant–Appellant.**

No. 21256.

Missouri Court of Appeals, Southern District, Division One.

June 30, 1997.

John D. Beger, Rolla, for appellant.

Dan L. Birdsong, Thomas, Birdsong, Clayton & Becker, P.C., for respondent.

BARNEY, Presiding Judge.

Appellant City of Rolla, Missouri (Defendant) appeals from a judgment of the Circuit Court of Phelps County, Missouri, which ordered it to allow Respondents Joseph E. Morgan and Molly E. Morgan (Plaintiffs) to make connections with its sewer system.

On June 28, 1985, Defendant and John Pozner and Bess Pozner ("Pozners") entered into an agreement which granted Defendant an easement to construct a sewer main across the Pozners' property. The Pozners' property consisted of approximately fifty acres and was located south of Defendant's city limits. As consideration for the agreement, Defendant granted the Pozners, their successors, assigns, personal representatives and heirs the right to connect subdivision sewer lines to the sewer main that Defendant was to construct and maintain across the Pozners' property.

On March 19, 1996, Plaintiffs purchased the Pozners' property by warranty deed, subject to Defendant's easement. Also on March 19, 1996, the Pozners made an assignment to Plaintiffs of all their rights under their easement agreement with Defendant.

After purchasing the property from the Pozners, Plaintiffs desired to develop the land for single family residences. Plaintiffs requested from Defendant a permit authorizing them to connect to its sewer main located on their property. Defendant denied Plaintiffs' request.

Defendant advised Plaintiffs that their property would have to be annexed into Defendant's city limits before they could have access to the sewer main. Plaintiffs did not desire to have their property annexed into Defendant's city limits. Furthermore, Plaintiffs did not interpret the easement agreement to require annexation of their property before they could connect to the sewer main. Therefore, Plaintiffs filed an action for specific performance of the easement agreement and a court-tried case ensued. Judgment was entered in Plaintiffs' favor and Defendant appealed.

■ An appellate court is to sustain a judgment in a court-tried case unless there is no substantial evidence to support it, unless it is against the manifest weight of the evidence, or unless it erroneously declares or applies the law. *Landers v. Huffman*, 914 S.W.2d 394, 396 (Mo.App.1996) (citing *Murphy v. Carron*, 536 S.W.2d 30, 31 (Mo. banc 1976)).

■ We defer to the trial court on questions of credibility of witnesses and the choice between conflicting evidence. *Id.; see also* Rule 73.01(c)(2).[1] A court of review should exercise the power to set aside a decree or judgment on the ground that it is against the manifest weight of the evidence with much circumspection. *See Murphy*, 536 S.W.2d at 32.

In Defendant's sole issue on appeal, it charges the trial court with error in ordering specific performance of the easement agreement between Plaintiffs and Defendant because the court's judgment was not supported by substantial evidence and was against the manifest weight of the evidence.

1. All rule references are to the Missouri Rules of Civil Procedure (1997), unless otherwise indicated.

The gist of the parties' dispute is the interpretation of the easement agreement between Plaintiff and Defendant. Section 2 of the easement agreement states as follows:

In consideration of the foregoing, City agrees that Sellers, their successors, assigns, personal representatives and heirs shall have the right now and at any time in the future to connect subdivision sewer lines to the sewer main to be constructed by City across the easement herein described with the understanding that there shall be no sewer connection fee or other tax or license charged by City for such connection. It is understood and agreed by the parties that any such connection shall in all other respects comply with the ordinances, rules and regulations now established or hereinafter promulgated by City and reasonably necessary for the safe, proper and sanitary use of said sewer system. City also agrees to install "stubouts" at manholes 48, 50 and 56 for the aforesaid purpose.

Defendant argues that this easement agreement is subject to section 35–133 of its municipal ordinances. This section requires that a sewer user's property, located outside the city limits, be annexed into the city limits before sewer connections are made to its sewer main.

Section 35–133 states in pertinent part as follows: "No person shall be permitted to connect any sewer line to any part of the sewer system of the city which lies outside the corporate limits of the city. . . ." Defendant's Resolution 1191, passed in April 1992, also prohibits sewer connections to those users outside Defendant's city limits unless their property is first annexed by Defendant. Defendant argues, therefore, that annexation is a prerequisite to allowing Plaintiff to connect to its sewer system.

Defendant maintains that the weight of the evidence supported a finding that ordinance 35–133 required Plaintiffs to voluntarily annex their property into Defendant's city limits before being permitted to connect to its sewer system, and that the clear intention of the parties in this case was that the property in question would be annexed into Defendant's city limits before making sewer connections. We disagree.

■ The parties' easement agreement unambiguously states that any sewer connection made pursuant thereto shall comply with all ordinances, rules and regulations "*reasonably necessary* for the *safe, proper and sanitary* use of said sewer system." (emphasis added). Nowhere in the agreement is there any language that purports to require annexation as a condition to making sewer connections.

Indeed, we are of the opinion that when Defendant entered into the easement agreement with Plaintiffs' predecessor in title that it constructively waived annexation as a condition precedent to connecting to its sewer main. "Waiver" has been defined as:

The intentional relinquishment of a known right, on the question of which intention of the party charged with waiver is controlling, and if not shown by express declarations but implied by conduct, there must be a clear, unequivocal, and decisive act of the party showing, such purpose, and so consistent with intent to waive that no other reasonable explanation is possible.

*Errante v. Kadean Real Estate Service, Inc.,* 664 S.W.2d 27 (Mo.App.1984).

The language in the agreement of "now or at any time in the future" can not be construed as requiring a condition precedent to making sewer connections. The word "now" is defined as "[a]t this time, or at a present moment . . . at the present time." BLACK'S LAW DICTIONARY 1065 (6th ed.1990). Defendant was aware when the agreement was made that Plaintiffs' property was outside its city limits.

■ Further, "[a] condition precedent is an act or event that must be performed or occur, after the contract has been formed, before the contract becomes effective." *Gillis v. New Horizon Dev. Co., Inc.,* 664 S.W.2d 578, 580 (Mo.App.1983). Conditions precedent are disfavored and contract provisions are construed as such only if unambiguous language so requires or they arise by necessary implication. *Id.*

To find support for Defendant's construction, we would first have to determine that the easement agreement was ambiguous. However, the easement agreement is not ambiguous. A contract is not ambiguous merely because the parties disagree over its meaning. *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713, 718 (Mo.App.1995). We do not use forced or strained meanings and cannot use extrinsic or parol evidence to create ambiguity. *Lake Cable, Inc. v. Trittler*, 914 S.W.2d 431, 436 (Mo.App.1996). When a contract uses clear and unequivocal language, it must be enforced as written. *Id.*

Where there is no ambiguity in the contract the intention of the parties is to be determined from the contract alone. *City of Fulton v. Central Elec. Power*, 810 S.W.2d 349, 351 (Mo.App.1991).

Finally, a court cannot make a contract for the parties that they did not make for themselves, or impose upon the parties obligations they have not assumed. *Executive Hills Home Builders v. Whitley*, 770 S.W.2d 507, 508 (Mo.App.1989). Here, the easement agreement provides that Plaintiffs shall have the right *"now or at any time in the future"* to connect to the sewer main, subject only to Defendant's regulations as to the "safe, proper and sanitary" operation of its sewer system. (emphasis added). Imposing upon Plaintiffs an annexation requirement would impose an additional obligation upon Plaintiffs that they did not assume. *See Whitley*, 770 S.W.2d at 508.

If Defendant had desired to make annexation a condition to the agreement, it should have expressly provided for such condition in the easement agreement when it was made. Under the context of this case, annexation cannot be construed as necessary for the "safe, proper and sanitary" operation of a sewer. Defendant's arguments to the contrary are without merit.

Further, we are of the opinion that Defendant has not contracted away it police powers. During oral argument, Defendant's counsel argued that the agreement was void as contrary to public policy because it would result in Defendant not being able to exercise its police powers. *See North Kansas City Sch. Dist. v. J.A. Peterson–Renner, Inc.*, 369 S.W.2d 159 (Mo.1963).

In *J.A. Peterson–Renner, Inc.*, the Court held that the "city could not by contract surrender its police powers to *control and regulate* the public sewers of the city. . . ." *Id.* at 166 (emphasis added). In the instant case, Defendant has not surrendered its police powers to control and regulate its sewer system. By the terms of the easement agreement, Defendant maintains its complete authority to control and regulate the sewer system on Plaintiffs' property for the safe, sanitary and proper use of the system.[2]

The judgment is supported by substantial evidence. "Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of facts can reasonably decide a case." *Gateway Exteriors v. Suntide Homes*, 882 S.W.2d 275, 279 (Mo.App.1994). The questions of whether evidence in a case is substantial and whether the inferences drawn are reasonable are questions of law. *Id.*

Additionally, the judgment is not against the manifest weight of the evidence. The phrase "weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. *Nix v. Nix*, 862 S.W.2d 948 (Mo.App.1993). The weight of the evidence is not determined by mathematics, rather, it depends on its effect in inducing belief. *Id.*

Based on the foregoing, we see no reason to disturb the trial court's judgment. Point denied.

Plaintiff's motion for damages under Rule 84.19 is denied.

The judgment is affirmed.

PREWITT and GARRISON, JJ.

---

2. Defendant candidly admits that it has by contract authorized several parties to hook-up with its sewer main, although the parties' properties are situated outside Defendant's city limits.