Belinda **RUDDICK**, Plaintiff–Respondent,

v.

James **BRYAN** and Mabel Bryan, Defendants–Appellants.

No. 22405.

Missouri Court of Appeals, Southern District, Division Two.

March 11, 1999.

Larry G. Luna, Branson, for Appellant.

Craig F. Lowther & Randall J. Reichard, Springfield, for Respondent.

BARNEY, J.

James Bryan and Mabel Bryan ("Defendants") appeal the judgment of the Circuit Court of Taney County, Missouri, quieting

title to a 30–foot wide strip of a vacated portion of Chestnut Street in Branson, Missouri, in Belinda Ruddick ("Plaintiff"). Chestnut Street is a north-south street sixty feet in width. That portion of Chestnut Street lying between Blocks 21 and 28 of a replat of an amended plat of Branson, Missouri, was vacated by ordinance on June 5, 1933. The ordinance provided that the property was vacated for the benefit of the adjacent property owners. Plaintiff owns Lot 1 of Block 28 which adjoins the vacated street on the west. Defendants own Lots 6 through 13 of Block 21 adjoining the vacated street on the east. The remaining portion of Chestnut Street runs several blocks through the City of Branson and remains open and in use by the public.

The sole issue in this case is as to the ownership of the western half of the vacated portion of Chestnut Street that lays between Blocks 21 and 28. As previously mentioned, the trial court determined that Plaintiff was the owner of the vacated west 30–foot wide strip of Chestnut Street. Defendants raise one point of trial court error, discussed below.

 This is a court-tried case, therefore, our review is undertaken pursuant to Rule 73.01(c).[1] The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or the judgment erroneously declares or applies the law. *Main St. Feeds, Inc. v. Hall,* 975 S.W.2d 227, 229 (Mo.App. 1998). This Court cannot substitute its judgment for the trial court's with respect to the credibility of witnesses or in assessing the weight of the evidence. *Id.* at 233. In determining whether the evidence is sufficient to support the judgment, we accept as true the evidence, with permissible inferences therefrom, favorable to the prevailing party and disregard contradictory testimony. *McCombs v. Joplin 66 Fairgrounds, Inc.,* 925 S.W.2d 946, 948 (Mo.App.1996). "The phrase 'weight of the evidence' means its weight in probative value, not the quantity or amount of evidence." *Morgan v. City of Rolla,* 947

S.W.2d 837, 841 (Mo.App.1997). It is not determined by mathematics, rather, it depends on its effect in inducing belief. *Id.*

On November 18, 1964, Josephine E. Madry (Madry) received title by warranty deed to all the property at issue in the instant case, i .e., the real property now owned by Plaintiff, the real property owned by Defendants, and "that part of Chestnut Street lying between Blocks 21 and 28 heretofore vacated, all in the City of Branson."

In 1976, Madry deeded Lot 1, Block 28 to David W. Schoede, without any specific mention of the vacated portion of Chestnut Street, and all deeds out from David W. Schoede ("Schoede") through plaintiff's predecessors in title and lastly to Plaintiff herself on November 19, 1993, made no specific reference to the abutting, west half of Chestnut Street.

On March 28, 1978, Madry conveyed by general warranty deed Lots 6 through 13, Block 21 to the Security Bank and Trust Company of Branson, Missouri, Trustee of the Josephine E. Madry Trust ("Madry Trust"). This deed purportedly conveyed "that part of Chestnut Street lying between Blocks 21 and 28 heretofore vacated ...." After Madry's death in 1985, Defendants acquired Lots 6 through 13, Block 21 by special trustee's warranty deed from the Madry Trust on October 30, 1985. This deed also conveyed to Defendants "the E1/2 of that part of Chestnut Street lying between Blocks 21 and 28 heretofore vacated" to Defendants.[2]

Thereafter, in April 1996, Plaintiff commenced her action to quiet title in herself to the western half of the vacated portion of Chestnut Street abutting Lot 1, Block 28.

In their sole point of error, Defendants maintain that the trial court's judgment was against the weight of the evidence. They assert that the 1964 warranty deed by which Madry took title to the relevant portions of Blocks 21 and 28, referenced all of the vacated portion of Chestnut Street, and that Ma-

---

1. All Rule references are to Missouri Court Rules (1999), unless otherwise noted.

2. Ten years later, the Madry Trust gave a trustee's quit claim deed to the west half of the vacated portion of Chestnut Street to Defendants.

dry did not convey the disputed vacated west half of Chestnut Street to Plaintiff's predecessors in title. Instead, Madry conveyed all the vacated portion of Chestnut Street to her own trust. Defendants further assert that Madry continued using and occupying the disputed property on Chestnut Street by planting flowers and decorative shrubbery, thereby showing an intention not to convey the west half of Chestnut Street lying between the parties' respective properties to Plaintiff's predecessors in title and, consequently, Plaintiff did not receive title to the disputed property.

■ In *Prewitt v. Whittaker*, the Missouri Supreme Court recognized that "[t]his state has long followed the general rule that a conveyance of platted lots or blocks adjoining an *existing* street, without mentioning the street in the deed, carries to the grantee the fee simple title to the center of the street (or to the far side if the original grantor contributed all of the street to public use)." *Prewitt v. Whittaker*, 432 S.W.2d 240, 243 (Mo.1968); *Main St. Feeds*, 975 S.W.2d at 230. "The presumption is that the grantor did not intend to withhold any interest in the street or highway." *Prewitt*, 432 S.W.2d at 243(quoting *Snoddy v. Bolen*, 122 Mo. 479, 488, 24 S.W. 142, 25 S .W. 932, 934 (banc 1894)). The *Prewitt* court then recognized that "the presumption may be overcome, but it must be overcome by something stated in the deed which shows distinctly an intention to withhold an interest in the street." *Id.* However, in *Prewitt*, our high court also observed that "[t]he owner of the vacated street should not be bound by the hard and fast rule that the rule of construction or presumption may be rebutted only by something stated in the deed, as by reservation ... [r]ather, his intention to withhold the vacated area should be permitted to be shown by the surrounding facts and circumstances *as will clearly and unequivocally show such intention.*" *Id.* at 244(emphasis added). The *Prewitt* court then determined that the better rule is "where land adjoining a previously vacated area (street, alley, or other land dedicated to public use) is conveyed without mentioning the area, half (or all as the facts show) of the vacated area is presumed to be included in the grant, which *presumption is subject to*

*being rebutted by surrounding facts and circumstances clearly and convincingly showing an intention to the contrary.*" *Id.* at 245(emphasis added); *Main St. Feeds*, 975 S.W.2d at 231.

In our review of *Prewitt*, we observe that the facts and circumstances in *Prewitt* showed that the grantors of land that abutted a previously vacated street had no intention of conveying the portion of the vacated street that adjoined the *Prewitt* grantors' property. These grantors remained in possession of the abandoned street; maintained a barn on the abandoned street; kept a cow on the street for a period of time; and maintained a large garden on the street for eleven years after the sale to the defendants. *Prewitt*, 432 S.W.2d at 242. The *Prewitt* court determined that these grantors retained ownership of the vacated street that adjoined the property they conveyed, thereby rebutting the presumption that the conveyance carried to grantee fee simple title to the center of the street. *Id.* at 245.

■ We now turn to the case at hand. Although not part of the judgment, the record reveals a post-trial letter to the parties' attorneys wherein the trial court determined that there "is a presumption that ½ of the vacated street was conveyed to Plaintiff; The presumption must be overcome by clear and convincing evidence. Defendant's evidence fails." We agree. Based upon the foregoing legal precepts, *supra*, we determine that although the west half of Chestnut Street is not specifically mentioned in the 1993 deed by which Plaintiff received title to Lot 1, Block 28, Plaintiff's predecessors in title and thence, Plaintiff herself, are presumed to have been conveyed the disputed strip of land. *Prewitt*, 432 S.W.2d at 243; *Koviak v. Union Elec. Co.*, 442 S.W.2d 934, 939 (Mo. 1969)(It was not necessary that there be evidence of the intention to convey. That was presumed); *Main St. Feeds*, 975 S.W.2d at 233. This presumption arises from the fact that Madry's 1976 conveyance to Schoede (and thence to others in Plaintiff's chain of title) failed to show an intention to reserve or otherwise withhold an interest in the west half of the vacated portion of Chestnut

Street. *Prewitt,* 432 S.W.2d at 243; *Snoddy,* 25 S.W. at 934.

■■■ Additionally, we determine that Defendant's evidence fails to clearly and convincingly rebut the presumption that Madry's original conveyance to Schoede went to the center line of the vacated portion of Chestnut Street.[3] Defendants presented but a paucity of evidence showing that Madry did not intend to convey to Plaintiff's predecessor in title the west half of the vacated portion of Chestnut Street.

Defendants appear to rely heavily on the terse remarks of their witness David S. Eblen, trust manager of the Madry Trust, to establish the fact that Madry outwardly manifested an intention to continue possession of all of the vacated portion of Chestnut Street after her conveyance to Schoede. Mr. Eblen related that there was a fish pond, some bushes and flowers located in the center of the vacated property. He testified that he was "not certain who built it [the fish pond], but Ms. Madry maintained it and maintained the flowers and so forth that were in the vicinity." However, this testimony did not clearly relate whether Madry maintained the fish pond before or after her conveyance to Schoede, nor did it give a time frame as to how long Madry maintained the fish pond. In either event, it appears that the fish pond and the shrubbery around the fish pond constitute but a small part of the vacated portion of Chestnut Street. Plaintiff's Exhibit 1 shows that the entire vacated area is 30 feet wide by some 222 feet long. On the other hand, Plaintiff's Exhibits 6 and 8, depict the fish pond and attendant growth around the fish pond, as being smaller than the size of an automobile, judging from the vehicle shown in Plaintiff's Exhibit 6.

■■■ Furthermore, we observe that the special trustee's deed from the Madry Trust to Defendants, dated October 30, 1985, *specifically conveyed only* "the E ½ of that part of Chestnut Street lying between Blocks 21 and 28 heretofore vacated ...." It was not until some 19 years after the Madry to

Schoede conveyance that Defendants received by trustee's quit claim deed whatever interest in the west half of the vacated portion of Chestnut Street the Madry Trust may have had. This quit claim deed, in either event, was ineffective to transfer title to Defendants to the west half of the vacated portion of Chestnut Street. This is because by operation of law Plaintiff had previously acquired title to this vacated portion of Chestnut Street by virtue of the original conveyance made by Madry to Plaintiff's predecessors in title and then to Plaintiff herself. *Prewitt,* 432 S.W.2d at 243; *Koviak,* 442 S.W.2d at 939; *Main St. Feeds,* 975 S.W.2d at 233; *see also Saint Louis County v. Saint Appalonia Corp.,* 471 S.W.2d 238, 245–46 (Mo.1971). Point denied.

The judgment is affirmed.

GARRISON, C.J., MONTGOMERY, J., concur.

---

**3.** The clear and convincing standard refers to evidence which instantly tilts the scales in the affirmative when weighed against the evidence in opposition, and the fact finder's mind is left with an abiding conviction that the evidence is true. *Clark v. Clark,* 919 S.W.2d 253, 255 (Mo.App. 1996); *In re Marriage of Jennings,* 910 S.W.2d 760, 763 (Mo.App.1995).